UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT DAVID NEAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:12-cv-187-WTL-MJD |
| | ) | |
| JOHN C. OLIVER, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Robert David Neal is a federal prisoner who was disciplined in a proceeding identified as No. 2212995 for violating prison rules by engaging in "Disruptive Conduct Most Like an Escape Attempt."

Contending that the proceeding is tainted by constitutional error, Neal seeks a writ of habeas corpus. The court finds, however, that there was no error of that nature and that Neal's habeas petition must therefore be **denied.** This conclusion rests on the following facts and circumstances:

1.    Federal inmates "have a liberty interest" in good time credits and "must be afforded due process" before any good time credits are revoked. *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011).

2.    The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the

finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

3. The foregoing requirements were met with respect to adjudication of the misconduct charged in No. 2212995.

   a. The incident report was issued on March 29, 2011. Neal received a copy of the incident report on April 9, 2011. The incident report was then re-written. Neal received a copy of the re-written incident report on November 6, 2011.

   b. The hearing was conducted on November 9, 2011. Neal attended the hearing and made a statement concerning the charge set forth in the re-written incident report. His statement did not deny authorship of pertinent documents. His statement asserted error by the Federal Bureau of Prisons in attempting to regulate the conduct.

   c. The hearing officer summarized the evidence and discussed the evidence he found credible. The hearing officer set forth his findings in detail. The hearing officer also set forth the reasons for the sanctions which were imposed.

4. The foregoing review shows that the procedural requirements of *Wolff* were satisfied and that the substantive requirement of "some evidence" was also satisfied.

5. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Neal to the relief he seeks.

6. Accordingly, Neal's petition for a writ of habeas corpus must be denied and the action dismissed. Judgment consistent with this Entry shall now issue.

   **IT IS SO ORDERED.**

Date: 07/02/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert David Neal
#15151-180
Terre Haute USP
P.O. Box 33
Terre Haute, IN 47808

Gerald.coraz@usdoj.gov